UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE ROY HONSINGER,

    Petitioner,

    v.

SHIRLEE A. HARRY,

    Respondent.[1]

CASE NO. 2:06-CV-10720
JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE PAUL J. KOMIVES

_____/

## REPORT AND RECOMMENDATION

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus.

II.    <u>REPORT</u>:

A.    *Procedural History*

    1.    Petitioner Wayne Roy Honsinger is a state prisoner, currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan.

    2.    On July 16, 2003, petitioner was convicted of operating a vehicle under the influence–third offense (OUIL-3rd), MICH. COMP. LAWS § 257.625, pursuant to his plea of *nolo contendere* in the Oakland County Circuit Court. On August 8, 2003, he was sentenced as an habitual offender, MICH. COMP. LAWS § 769.12, to a term of 6-25 years' imprisonment, consecutive to an assault sentence for which he was on parole at the time of the offense.

    3.    Petitioner, through counsel, sought leave to appeal in the Michigan Court of Appeals,

---

[1]By Order entered this date, Shirlee A. Harry has been substituted in place of Sheri L. Burt as the proper respondent in this action.

raising the following claim:

> THE TRIAL COURT ERRED IN DENYING MR. HONSINGER'S REQUEST FOR A RESENTENCING WHERE THERE WERE NUMEROUS LEGAL ERRORS AT SENTENCING WHICH RENDERS MR. HONSINGER'S SENTENCE INVALID, INCLUDING: (1) THE ORDER TO PAY RESTITUTION IS PAYABLE "AS A CONDITION OF PAROLE" AND MDOC IS TAKING HIS MONEY NOW; (2) RESTITUTION WAS ERRONEOUSLY ORDERED IN THE AMOUNT OF $2,861, HOWEVER, THE TRIAL COURT FOUND THAT IT WAS $1,245 AND THE PROSECUTOR RESPONDED THAT THE COURT ORDERED $1,260 RESTITUTION AND IN ANY CASE, THE RESTITUTION AMOUNT WAS NOT PROVEN BEYOND A REASONABLE DOUBT; (3) THE SENTENCE DOES NOT TAKE INTO ACCOUNT MR. HONSINGER'S SPECIAL PHYSICAL AND MENTAL CIRCUMSTANCES; (4) THE GUIDELINES WERE ERRONEOUSLY SCORED, AND 4TH HABITUAL AND OUIL 3RD STATUS WERE ERRONEOUSLY DETERMINED USING CONVICTIONS WHERE MR. HONSINGER WAS NOT REPRESENTED BY COUNSEL AND IT IS NOT CLEAR WHETHER HE WAIVED SAME; (5) WHERE THE TRIAL COURT FOUND THAT ITS INQUIRY "ANYTHING YOU WANT TO SAY" PERTAINED TO THE RESTITUTION AMOUNT, THUS MR. HONSINGER WAS NOT AFFORDED HIS RIGHT TO ALLOCATION [sic]; AND (6) WHERE IT WAS INEFFECTIVE ASSISTANCE OF COUNSEL FOR HIS TRIAL ATTORNEY NOT TO OBJECT TO THESE ERRORS ANS WHERE SUCH AN INVALID SENTENCE IS A MANIFEST INJUSTICE.

The court of appeals denied petitioner's application for leave to appeal in a standard order. *See People v. Honsinger*, No. 261109 (Mich. Ct. App. May 12, 2005).

4. Petitioner, proceeding *pro se*, sought leave to appeal these sentencing issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Honsinger*, 474 Mich. 907, 705 N.W.2d 122 (2005).

5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on February 17, 2006 . As grounds for the writ of habeas corpus, he raises the sentencing claims he raised in the state courts.

6. Respondent filed his answer on August 14, 2006. He contends that petitioner's claims are without merit or not cognizable on habeas review.

B.  *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*,

539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v.*

4

*Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

C.   *Sentencing Claims*

   1.   *Restitution Claims*

Petitioner's claims challenging his restitution do not provide a cognizable basis for habeas relief. The habeas statute provides that a federal court may entertain a habeas application by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because an order of restitution has no bearing on the validity or duration of a prisoner's custody, a challenge to the order of restitution is not cognizable under § 2254. *See Taylor v. Hamlet*, 88 Fed. Appx. 220, 220 (9th Cir. 2004); *Flores v. Hickman*, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008); *Carter v. Smith*, No. 06-CV-11927, 2007 WL 325358, at *7 (E.D. Mich. Jan. 31, 2007) (Steeh, J.); *cf. Kaminski v. United States*, 339 F.3d 84, 89 (2d Cir. 2003); *Smullen v. United States*, 94 F.3d 20, 26 (1st Cir. 1996). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his restitution claims.

   2.   *Guidelines Scoring/Sentencing Factors*

Petitioner's challenges to the scoring of his guidelines and the sentencing factors relied upon by the trial court likewise do not state federal constitutional claims cognizable on habeas review.

A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness

5

in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored the guidelines range raises an issue of state law that is not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review).

Further, the trial court's alleged failure to take into consideration petitioner's physical and mental circumstances in mitigation of the sentence does not raise a federal constitutional issue. Although the Supreme Court has held that individualized sentencing is required in the death penalty context, *see, e.g.*, *Tuilaepa v. California*, 512 U.S. 967, 972 (1994); *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976), these cases "have repeatedly suggested that there is no comparable requirement outside the capital context, because of the qualitative difference between death and all other penalties." *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) (citing *Eddings v. Oklahoma*, 455 U.S. 104, 110-112 (1982); *Rummel v. Estelle*, 445 U.S. 263, 272 (1980); *Lockett v. Ohio*, 438 U.S. 586, 602-05 (1978); *Woodson*, 428 U.S. at 303-05). Based on these cases, the *Harmelin* Court explicitly declined to extend the individualized sentencing requirement to non-capital cases. *Harmelin*, 501 U.S. at 996 ("We have drawn the line or required individualized sentencing at capital cases, and see no basis for extending it further."); *see also*, *id.* at 1006 (Kennedy, J., concurring). More specifically, the *Harmelin* Court rejected the defendant's claim in that case that his sentence violated the Eighth Amendment because the trial court gave no

consideration to mitigation evidence. Thus, "[t]he Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases." *Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001) (citing *Harmelin*, 501 U.S. at 995). "Similarly, due process does not require the consideration of mitigating factors in non-capital proceedings." *Upshaw v. Turner*, No. 05-2097, 2007 WL 1757255, at *13 (W.D. Tenn. Apr. 30, 2007) (citing *Hawkins v. Riveland*, No. 92-36565, 1993 WL 148090, at *2 (9th Cir. May 10, 1993) (citing *United States v. LaFleur*, 971 F.2d 200, 211-12 (9th Cir. 1992))). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

3. *Allocution*

Petitioner next claims that he was denied his right to allocution at sentencing. Petitioner is not entitled to relief on this claim because, as the Sixth Circuit has recognized, "'[t]here is no constitutional right to allocution under the United States Constitution.'" *Cooey v. Coyle*, 289 F.3d 882, 912 (6th Cir. 2002) (quoting *Paquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)) (alteration in original). Thus, a claim that a petitioner was not afforded an opportunity to speak up at his sentencing hearing does not provide a basis for habeas corpus relief. *See Hill*, 368 U.S. at 428; *White v. Kapture*, No. 00-73974, 2001 WL 902500, at *4 (E.D. Mich. June 26, 2001) (O'Meara, J.). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

4. *Use of Prior Convictions*

Petitioner next contends that his sentence was based on uncounseled prior convictions, and thus was unconstitutional. In *Townsend v. Burke*, 334 U.S. 736 (1948), the Supreme Court held that it violates a criminal defendant's right to due process to sentence the defendant "on the basis of

7

assumptions concerning his criminal record which were materially untrue." *Id*. at 741. In *Gideon v. Wainwright*, 372 U.S. 335 (1963), the Court held that the Sixth Amendment right to counsel makes it "unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one." *Burgett v. Texas*, 389 U.S. 109, 114 (1967). In *Burgett* the Court extended its holding in *Gideon*, concluding that a conviction obtained in violation of *Gideon* cannot be used to either support guilt or enhance punishment for another, subsequent offense. *See Burgett*, 389 U.S. at 115. Extrapolating from both *Townsend* and *Gideon/Burgett*, the Court held in *United States v. Tucker*, 404 U.S. 443 (1972), that a sentencing court's reliance on convictions which are "wholly unconstitutional under *Gideon*" results in a "sentence founded at least in part upon misinformation of a constitutional magnitude" of the type prohibited by *Townsend*. *Tucker*, 404 U.S. at 447. Thus, "[w]hen an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 404 (2001).

It is petitioner's burden to show both that he was without counsel at the time of his plea in the Minnesota case, and that the presence of counsel was not validly waived. *See Hobson v. Robinson*, 27 Fed. Appx. 443, 445 (6th Cir. 2001) (citing *Parke v. Raley*, 506 U.S. 20, 28-34 (1992)). A petitioner's "conclusory allegation is not a basis for granting an evidentiary hearing" or habeas relief. *Brown v. Tyszkiewicz*, No. 99-CV-73027, 2000 WL 1480892, at *8 (E.D. Mich. Aug. 31, 2000) (Borman, J.); *see also*, *Hobson*, 27 Fed. Appx. at 445; *United States v. Joost*, 92 F.3d 7, 14 (1st Cir. 1996). Here, petitioner offers nothing to show that any but one of his convictions was taken in the absence of either counsel or a valid waiver of the right to counsel. Rather, he merely

claims that it is unknown whether he had counsel for each of these convictions. This speculation that petitioner may have been without counsel is insufficient to warrant either an evidentiary hearing or habeas relief.

With respect to one conviction–his first OUIL charge–petitioner has submitted a "Case History Print," on which the space after "Defense Attorney:" is blank. It is doubtful whether this is sufficient to show that petitioner did not have counsel in connection with that conviction, as a number of other spaces on the form are blank, including all identifying physical information, vehicle information, and prosecuting attorney. In any event, this case history sheet also shows that petitioner did not receive any jail time on this conviction, but rather was sentenced only to a fine and license suspension. It is well established that a court may base its sentence on uncounseled misdemeanor convictions that did not result in any jail time. *See Nichols v. United States*, 511 U.S. 738, 748-749. Thus, the trial court did not err in considering this conviction even if petitioner was without counsel at the time the plea was taken.

Because petitioner has failed to meet his burden of demonstrating that any of the convictions upon which the trial court based its sentence were taken in violation of petitioner's right to counsel, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

D.  *Ineffective Assistance of Counsel*

Petitioner also contends that his trial attorney rendered constitutionally ineffective assistance by failing to object at sentencing on the basis of the arguments raised in his habeas petition. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687

(1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. As the Sixth Circuit has explained, "[w]here ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 Fed. Appx. 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

As explained above, petitioner has failed to show that any of his misdemeanor convictions

10

could not be considered by the trial court. Counsel cannot be deemed ineffective for failing to raise meritless challenges to the inclusion of these convictions. Petitioner's restitution claim is not cognizable for the reasons explained above, even if presented in the guise of an ineffective assistance of counsel claim. *See United States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998). Further, petitioner has offered nothing to show that he was prejudiced by his lack of allocution. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims.

E.   *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives  
                                                PAUL J. KOMIVES  
                                                UNITED STATES MAGISTRATE JUDGE

Dated: 11/10/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on November 10, 2008.
>
>                           s/Eddrey Butts  
>                           Case Manager